39 C.C.P.A.(Patents)

## In re POOR.

### No. 5845.

United States Court of Customs
and Patent Appeals.

March 18, 1952.

Rehearing Denied May 23, 1952.

---

6. Amendment 15 (Section 7003.6(b) (3)) to Revised Regulation No. 3 of Reconstruction Finance Corporation.

7. 50 U.S.C.A.Appendix, § 901 et seq.

Potts and Brune, Joshua R. H. Potts, and Basel H. Brune, all of Philadelphia, Pa. (John A. Robertson, Philadelphia, Pa., and Herbert M. Birch, Washington, D. C., of counsel), for appellant.

E. L. Reynolds, Washington, D. C. (J. Schimmel, Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON and WORLEY, Judges.

JACKSON, Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming a decision of the Primary Examiner finally rejecting as unpatentable over the prior art three claims of an application of appellant, serial No. 643,132, filed January 24, 1946. One claim was allowed.

The rejected claims read as follows:

"10. In combination, a furnace having vertical walls and a horizontal grate, a vertical combustion accelerating grate of hollow construction resting on said horizontal grate and against one of said vertical walls, said accelerating grate having a cross-sectional area that gradually diminishes from the bottom to the top and which is formed on the surface remote from the wall of the furnace with a series of overhanging ledges, there being a large opening beneath each of said ledges, and means for introducing air into said combustion accelerating grate at the bottom thereof.

"11. In combination, a furnace having a vertical wall and a horizontal grate, a vertical combustion accelerating grate of hollow construction having an open bottom resting on said horizontal grate, a rear wall engaging said wall of said furnace and a curved front wall formed with a series of overhanging ledges, there being a pair of relatively large openings beneath each of said ledges and protected thereby, said vertical grate being of gradually diminishing cross section from the bottom to the top, and means for introducing air into said open bottom.

"12. In combination, a structure including a combustion chamber defined by a vertical wall and a bottom, a hollow vertical combustion accelerating grate resting against said vertical wall and on said bottom and having a cross section which gradually diminishes from the bottom to the top thereof, said vertical accelerating grate having an exposed wall formed with a series of overhanging ledges and formed with a relatively large opening beneath each of said ledges, and means for introducing air into the bottom of said vertical combustion accelerating grate."

The cited references are:

Carrigan        777,331   Dec. 13, 1904
Tournier (French)  820,380   July 26, 1937.

Appellant's application relates to what is called a "Vertical Combustion Accelerating Grate." The structure of the invention is a device, auxiliary in its nature, designed to accelerate the burning of fuel. It is used in addition to the usual grate of a furnace, or in a furnace having a solid bottom. The accelerating grate, which is hollow, is placed against the side wall of the firebox and it is said that it may also be used against the inner wall of an incinerator or other furnace for burning various materials. Its cross dimension gradually diminishes from bottom to top and the structure possesses a series of overhanging ledges under which there are orifices through which the air is admitted. The ledges are said to protect the openings from being choked by the fuel. The auxiliary grate receives a natural air draft through its bottom and directs it through the openings beneath the ledges.

The Carrigan patent relates to a steam boiler furnace and the structure of the invention is designed so that varying quantities of air are admitted to the firebox. The air is said to be so controlled that after it is admitted substantially complete and perfect combustion is obtained. There is disclosed a combustion chamber comprising vertical walls of a firebox and a horizontal grate on the bottom thereof. In the firebox is a curved member supported by the grate, the upper end of which is disposed against the wall of the firebox. The curved member is provided with orifices through which air, supplied through the grate, passes into the fuel.

The Tournier patent relates to improvements in central heating boilers and the like. It discloses a hollow structure through which additional or secondary air is admitted from the sides of a firebox into the fuel mass and above its upper level so as to secure relatively complete combustion. The secondary air, which may be under atmospheric or other pressure, may be taken from the front of, above, or behind the boiler structure. The feeding of the air takes place on several levels so that it is regularly distributed in the mass and the structure through which the secondary air is admitted shows ledges over the openings to prevent fuel from clogging them.

The claims were rejected as being un-unpatentable over the Carrigan patent in view of the Tournier reference, it having been held that no invention would be involved in substituting the structure of Tournier for the corresponding plate member of the Carrigan structure for the stated reason that it would merely be the exercise of choice of one known air supplying structure in place of another, not accompanied by an unobvious result.

We are of opinion that all of the claims may be considered as a unit, although counsel for appellant contend that claim 11 contains a distinctive feature not shown in the other rejected claims. However, it should be stated that if the combination of references is proper, all of the claims are unpatentable and, if not, the rejected claims should be held to be patentable.

It is clear that in the Carrigan structure there is a combustion chamber defined by a vertical wall and bottom constituting a firebox and horizontal grate. It is also obvious that there is described in the patent a combination of furnace structure in which there is an auxiliary member bottomed on the horizontal grate and against the wall of the firebox. That member contains openings through which air is directed for combustion.

In our opinion, contrary to the contention of counsel for appellant, the curved member of the patent structure must be held to be hollow. It has a concave surface together with the vertical wall of the firebox forming a structure which is fully equivalent to the hollow grate member of appellant as it performs exactly the same function in essentially the same way. In both the patent structure and that defined by the claims herein, substantially parallel currents of air are introduced into the firebox by an auxiliary grate member which is placed in a vertical position on the horizontal grate.

It is true and was so conceded by the lower tribunals that in the structure of the Carrigan reference there are no projecting ledges over each opening in the auxiliary grate. It is clear, however, that such provision is old in the art, as is shown by the structure of the Tournier patent. Therefore, the combination of appellant is made up of old components and we are unable to see where such combination exceeds the sum of its parts. In our opinion, it would be obvious, if so desired, to apply the ledges of the Tournier structure to protect the orifices of the guard plate of the Carrigan structure and the result of such application would involve nothing new. Patentable invention is not involved by the mere accumulation of prior art teachings into a single device.

We have noted the contention of counsel for appellant that the auxiliary member of the Carrigan reference requires a furnace of special construction as distinguished from that of appellant which may be positioned in or removed from any conventional

furnace. However, the involved claims merely define a furnace with vertical walls and a horizontal grate together with a vertical auxiliary grate resting upon the horizontal grate and against one of the vertical walls. Such structure, it is clear to us, is completely depicted in the Carrigan patent.

As we view the issue, the only difference between the disclosure of the Carrigan patent and that defined in the rejected claims resides in the presence of ledges over the openings in the auxiliary grate member. Since it is old to provide such ledges it would be well within the skill of the art to apply them to the Carrigan structure.

The structure defined in claim 10 is substantially the same as that in claim 12, although the language is somewhat different.

Counsel for appellant contend that claim 11 defines a vertical grate member as including a back wall and as such is a limitation, together with the curved front wall defining a hollow construction so that his auxiliary grate may be installed in a simple manner in a conventional furnace. One of the figures of the Tournier structure depicts a grate member responding to the language of that claim. We agree with the opinion of both tribunals below that by substituting the Tournier hollow member for the plate member of the Carrigan structure would be no more than choosing a device having known characteristics and which functions in the usual way.

For the reasons hereinbefore set out the decision of the Board of Appeals is affirmed.

Affirmed.